On the trial it appeared that the material stipulations of the (581) charter-party were that the plaintiff let to freight to the defendant the schooner Enterprise, of which he was owner, for a voyage from New Bern to the island of Bermuda, and from the island of Bermuda back to New Bern, the schooner to be at the risk of the owner during the voyage. The plaintiff covenanted that the schooner was, and should be during the voyage, staunch and strong, sufficiently tackled and appareled, etc.; and the defendant covenanted to pay to the plaintiff for the freight of the vessel $235.50 per month, commencing from the date of the charter-party, and so in proportion for a less time, as the vessel should be continued in the said service; the freight to be payable in five days after the return of the vessel to New Bern, or in five days after the voyage should be otherwise in any manner determined and notice thereof given to the defendant. The deed bore date 21 October, 1819.
In a few days the schooner commenced her voyage, and arrived at Bermuda on the ninth day after getting to sea; the lading was disposed of and the master put to sea on his return. The night after leaving Bermuda the met with heavy weather, and it continuing boisterous, with severe gales from the northwest for more than thirty days, on 16 January, in the evening, the master found himself near the coast; and being satisfied, from the condition of the vessel and state of the weather, that she must perish during the night, he ran her ashore while there was light enough to save the lives of the crew. The vessel soon after went to pieces and was lost.
On 3 February, no tidings having reached New Bern of the vessel, and the parties being ignorant of the result of the voyage, the defendant paid to the plaintiff the sum of $502.40, and the plaintiff executed a receipt for the same in the following words: *Page 315 
Received, New Bern, 3 February, 1820, of Sylvester Brown, (582) $502.40, which amount it is understood by the parties shall be in full consideration for the charter of the schooner Enterprise on a voyage to Bermuda and back to the port of New Bern, provided the said schooner shall not arrive at the aforesaid port of New Bern at any time after 25 December last; but should the said schooner arrive at the port of New Bern at any time after 25 December last, the charter-party is to receive the same construction as though the above receipt had not been given. NATHL. SMITH.
On the trial the defendant offered the payment and the receipt in evidence in support of the plea of "accord and satisfaction." The plaintiff's counsel then offered to give in evidence the deposition of one Beverly Rew to explain this receipt (there being no fraud alleged in the transaction). The deposition had been regularly taken, and contained a statement to the following effect: Rew was present at the plaintiff's store when a settlement took place between the plaintiff and the defendant on account of the charter-party, and was called on by the plaintiff to take notice of the terms of the settlement. The defendant brought the receipt written; the plaintiff objected to the form of the receipt, on which the defendant said if the plaintiff would sign the receipt it would make no difference, as there was very little doubt but that the vessel was lost and would never be heard of again; but if she returned or was heard of, the charter-party would remain in full force as if no payment had been made. The plaintiff proposed to write a new receipt, but the defendant said he was in a hurry and it would make no difference.
The admission of this deposition was opposed on the part of the defendant, because it went to contradict or vary the written instrument, and to show that the payment was made and received on terms other than those stated in the writing itself; and the presiding judge rejected the evidence.
If freight were calculated up to the determination of the voyage by the loss of the vessel, there would be due on the charter-party $170 more than the sum paid to the plaintiff, and for that excess the plaintiff claimed a verdict, his counsel insisting that the receipt not under (583) seal could not operate to discharge the deed, and that the payment and the written instrument did not amount to an accord and satisfaction because it was the payment of a less sum in discharge of a greater. The presiding judge held that this was an accord with satisfaction to support the plea, and directed the jury to find for the defendant, which they did. *Page 316 
A new trial was moved for because of error in the judge: first, in rejecting the deposition of Rew; and, second, in instructing the jury that there was a sufficient satisfaction to support the plea. New trial refused; judgment, and appeal.
The compromise seems to have been made by both parties, under an expectation that the vessel had been lost before or at 25 December; until which time Brown agreed to pay the freight and Smith to receive it in full discharge of the vessel's earnings, with the exception only that if she returned after the 25th Brown should be further liable. In the event of her having been lost before the period settled between the parties, Brown had paid money to which the charter-party had not made him liable; in the event of her being lost after that time, Smith had lost money to which he would have been entitled by the original contract. The effect of the parol evidence offered was to make Brown liable to further freight upon another event not stated in the settlement, and in positive contradiction to it, and in addition to that of the vessel's return after the 25th — in other words, he should not only pay additional freight if the vessel returned after 25 December, but he should also do so if she was heard of after that time. The contract of the parties is reduced to writing, and is most likely to contain the (584) stipulations they really made; the part not so written down rests upon the memory of a witness who may have misunderstood the parties or whose memory may have betrayed him. If this were to be the construction of the written compromise, it may be asked what advantage could Brown derive from it in any manner. If the settlement made him liable for the freight after the vessel returned to New Bern, and if by the charter-party he was also liable after the voyage was determined, he was left by the compromise where the charter-party had placed him, with the additional inconvenience of having advanced a considerable sum of money before he was liable, if liable at all, to pay it. It does not seem probable that he would have advanced this money without the prospect of some reciprocal advantage; and I do not see how he could receive any except in the purchase of an exemption from liability for freight for a loss happening after 25 December. It appears to me that to admit parol evidence in this case would introduce the very mischief to guard against which the rule was first established. Prudence and caution in the management of affairs would be vain if men were not able to discover the engagements they had imposed on themselves by inspecting the documents they had intended to contain *Page 317 
the sole evidence of them. If contracts may be composed partly of writing and partly of words, dependent on the memory of witnesses, then no man can tell, till a trial comes on, the extent of his liabilities. InPowell v. Edmonds there were printed conditions of sale of timber growing in a certain close, not stating anything of the quantity, and parol evidence that the auctioneer at the time of sale warranted a certain quantity was rejected, the Court saying the purchaser ought to have had it reduced to writing at the time, if the representation then made as to the quantity swayed him to bid for the lot. That if parol evidence were admissible in that case, they knew of no instance where a party may not, by parol testimony, superadd any term to a written agreement, which would be setting aside all written contracts (585) and rendering them of no effect. 12 East, 10. It is true that by a variety of decisions receipts do not appear to be subject to the operation of the rule, because they do not contain evidence of a contract, but of payment or discharge of a contract; but when, in addition to the receipt of money, a condition is added upon which alone the party shall become liable to a further payment, it assumes the nature of a contract, and must be governed by the same rule of evidence. It must be considered as conclusive proof that the party signing has relinquished all other conditions than those specified. However, there does not appear an entire uniformity of opinion even as to receipts; for in Almer v. George, 1 Campb., 392, the judge held that a receipt in full, where the person who gave it was under no misapprehension and could complain of no fraud or imposition, was binding upon him. With respect to the objection that this is not an accord and satisfaction, because the sum paid was less than had become due, at the date of the contract, it is to be observed that, according to the charter-party, the freight was payable in five days after the return of the vessel to New Bern, or in five days after the voyage should be otherwise in any manner determined, and notice thereof to the defendant Brown. Now, though the voyage was determined when the money was paid, neither party had notice of it, and the freight consequently, though due, was not payable. This brings it within the rule in Pinnel's case, 5 Co., 117, that if the obligor or lessor pay a less sum, either before the day or at another place than is limited by the condition, and the obligee or feoffee received it, this is a good satisfaction.
It is further objected to the plea that an accord and satisfaction made before breach of a covenant cannot be pleaded in bar of an action on the covenant. The rule is a correct one, for the action being founded on a deed, that can only be discharged by a deed; but when any damages have accrued under the deed the accord may be pleaded in discharge of those damages. And the cases cited show this (586) *Page 318 
distinction plainly. In Snow v. Franklin, 1 Lutw., 358, the accord was made before the rent became due, and if the plea had been sustained the effect of it must have been to discharge the deed by parol. In Kaye v. Waghorne, 1 Taunton, 427, the covenant declared on was a covenant to levy a fine upon request; and the accord pleaded was that before the request made it was agreed between the parties that the defendant should give a bond of indemnity against his wife's claim of dower. There were two fatal objections to this plea: one was that nothing was due to the plaintiff when the accord was made; the other, that the accord was executory. But whenever damages have accrued by reason of the breach of the covenant, an accord executed is a good plea in discharge of them. And to this effect are all the cases. Cro. Jac., 99; Blake's case, 6 Co., 43b.
In the case before us Smith had, at the time of the accord, a right to nearly three months freight then due, though solvendum in futuro, a claim which might then have been released by him, and for which he might acknowledge satisfaction. Litt., sec. 512. For these reasons, I think there is no error in the judgment of the Superior Court, and that it must be affirmed.
HENDERSON, J., concurred in this opinion.